UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**REGINALD YOUNG,  #335319,**

      **Petitioner,**

v.                                               **Case No. 5:06-CV-10362**
                                                 **Honorable John Corbett O'Meara**
                                                 **Magistrate Judge Steven D. Pepe**

**BLAINE LAFLER,**

      **Respondent.**
_____/

**OPINION AND ORDER DENYING PETITIONER'S
MOTIONS FOR APPOINTMENT OF COUNSEL & ORAL ARGUMENT**

      This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner was convicted of two counts of armed robbery, felon in possession of a firearm, and possession of a firearm during the commission of a felony. Petitioner was sentenced to concurrent prison terms of nine to twenty years for each robbery conviction, two to five years for the felon in possession conviction, and a consecutive two year term for the felony firearm conviction. He has now filed a "Motion for Appointment of Counsel" and a "Motion for Oral Argument." For the reasons set forth below, the Court will deny both of Petitioner's requests.

**Appointment of Counsel**

      Petitioner's basis for requesting appointment of counsel is five-fold: (1) he is indigent; (2) his claims are meritorious and cognizable for habeas review; (3) the factual and legal issues presented are complex; (4) Petitioner lacks legal training; and (5) the ends of justice would best be served if he were represented by counsel.

      Indigent habeas petitioners have no constitutional right to a court-appointed attorney.

*Murray v. Giarratano*, 492 U.S. 1 (1989); *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002). "Habeas corpus is an extraordinary remedy for unusual cases." *Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). The appointment of counsel is within the discretion of the Court and required only if, given the difficulty of the case and petitioner's ability: (1) the petition could not obtain justice without an attorney; (2) he could not obtain a lawyer on his own; and (3) he would have a reasonable chance of winning with the assistance of counsel. *Mira v. Marshall,* 806 F.2d 636, 638 (6th Cir. 1986). Moreover, Petitioner in this case must establish "that he was indigent and that exceptional circumstances were present such that a denial of counsel was likely to result in fundamental unfairness impinging on his due process rights." *DesRosiers v. Moran,* 949 F.2d 15, 23 (1st Cir. 1991).

The court is required by rule to appoint an attorney only if an evidentiary hearing is necessary or if the interest of justice so requires. 18 U.S.C. §3006A(a)(2) (1988); Rule 8(c), Rules Governing Section 2254 Cases. In determining whether or not "the interests of justice so require" the appointment of counsel in a habeas petition, the Court must consider certain factors. Case law provides:

> In deciding whether to appoint counsel ... the district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge v. Police Officers,* 802 F.2d 58, 61 (2d Cir. 1986); *Cookish v. Cunningham,* 787 F.2d 1, 2

2

(1st Cir. 1986). These factors have been held to apply to habeas corpus cases. *Pennsylvania v. Finley,* 481 U.S. 551, 557 (1987).

Petitioner has raised four issues for the Court's habeas review, however they each revolve around the single issue of ineffective assistance of trial counsel: (1) failure to preserve the trial record relative to Petitioner's identification as the individual responsible for the above referenced crimes; (2) failure to present expert testimony relative to the issue of eyewitness and voice identification; (3) failure to present a defense; and (4) failure to object to the prosecutor's cross-examination regarding evidence of Petitioner's prior convictions.

In this case, it does not appear that Petitioner's claims are likely to have "substance" for three reasons. First, Petitioner is seemingly unable to meet the *Strickland v. Washington,* 466 U.S. 668 (1984) standard by showing that: (1) the attorney's representation fell below an objective standard of reasonableness; and that (2) but for the counselor's errors during the court proceedings, the outcome at trial would have been different. Second, it appears that the issue of whether the trial court erred in its failure to grant Petitioner a *Ginther*[1] during trial is not cognizable under habeas review. Finally, it does not appear that the Michigan courts' rejection of Petitioner's ineffective assistance of counsel claims was contrary to U.S. Supreme Court law or that the law was unreasonably applied to the circumstances presented. However, even if the Court found that Petitioner met the "substance" threshold, it remains necessary for the Court to also find the issues presented and the procedural posture of the case to be complex. See *Pennsylvania v. Finley,* 481 U.S. at 557.

---

[1]*People v. Ginther,* 390 Mich. 436; 212 N.W.2d 922 (1973)

Although Petitioner states that the issues presented are complex and that justice requires counsel to be appointed, he fails to substantiate his generalized conclusory allegations with any legal or factual support. Additionally, the Court has been furnished with the transcripts from the trial and the post-trial hearing, all briefs filed in connection with Petitioner's post-trial motions, and all judicial determinations relating to these motions. Therefore, there are no relevant portions of the record missing for purposes of reviewing this habeas matter. As such, the Court can make a determination about this case based solely upon the submissions. No cross-examination or elaborate presentation of proof is necessary, thereby obviating the need for an evidentiary hearing in this matter. Accordingly, Petitioner's motion for the appointment of counsel is denied.

**Oral Argument**

Petitioner requests oral argument in this case because he "believes that oral argument would substantially assist this Court in deciding the interesting questions [and the merits] regarding Petitioner's constitutional claims . . . " *(Motion for* Oral Argument, pg. 2). The Court does not grant oral argument when a party is in custody. *E.D. Mich. L.R. 7.1(e)(1).* Upon consideration of the Petitioner's Motion and review of the above stated record, the habeas petition, Respondent's answer to the petition and Petitioner's reply brief, the Court finds that "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." See *Fed. R. App. P. 34(a)(2)(C).* Therefore, the Court finds that oral argument is not necessary for the adjudication of Petitioner's claim, and his motion for oral argument is denied.

Accordingly, **IT IS ORDERED** that Petitioner's "Motion for Appointment of Counsel" [Doc. #18, filed August 28, 2006] is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's "Motion for Oral Argument" [Doc. #19, August 28, 2006] is **DENIED**.

s/John Corbett O'Meara
United States District Judge

Dated:  March 21, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 21, 2007, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager
