UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINALD YOUNG, #335319,

    Petitioner,

                                         Civil No: 06-CV-10362
                                         Honorable John Corbett O'Meara
                                         Magistrate Steven D. Pepe

v.

BLAINE LAFLER,

    Respondent.

_____/

**OPINION & ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS**

Petitioner, Reginald Young, is a state inmate currently incarcerated at Carson City Correctional Facility in Carson City, Michigan. Petitioner was convicted at the conclusion of a Wayne County Circuit Court bench trial of two counts of armed robbery, Mich. Comp. Laws §750.529; felon in possession of a firearm, Mich. Comp. Laws §750.224f; and possession of a firearm during the commission of a felony, Mich. Comp. Laws §750.227b. Petitioner was sentenced to concurrent prison terms of nine to twenty years, two to five years, and a consecutive two year term of imprisonment, respectively. Petitioner filed a *pro se* petition for habeas corpus under 28 U.S.C. §2254. For the reasons stated below, the Court will deny the petition.

**I. BACKGROUND**

Defendant's convictions arise from an armed robbery which took place outside the home of Bruce and Davena Johnson. After parking their vehicle in the driveway toward the back of their home, Petitioner is alleged to have come upon them with a gun and demand their money and jewelry. Bruce Johnson testified that his wedding ring and $100.00 were taken from his person by

Petitioner. (Tr., 6/16/03 at 5)  Mr. Johnson also testified that Petitioner stole Davena Johnson's wedding ring and a necklace. *Id.* at 6.  According to Mr. Johnson, Petitioner told them not to follow him, ran off, and fired a shot from his weapon as he sped away in a vehicle.  *Id.* at 7.

Davena Johnson testified that approximately five days later she was awakened by the sound of a loud truck parked in her neighbor's driveway.  (Tr., 8/14/03, at 44).  Mrs. Johnson looked out of the window and saw who she described as the same individual who robbed she and her husband days earlier.  *Id.*   Mrs. Johnson told her husband to look outside of the window as well; and he also testified that he saw the same individual who robbed them wearing the same identical clothing that the robber was wearing.  *Id.* at 26.  Mrs. Johnson immediately contacted the police.  *Id.*  at 44-45.

Approximately three days later, Bruce and Davena Johnson heard a loud argument outside of their home.  *Id.* at 13, 47.  Mrs. Johnson recognized one of the voices as the same voice heard from the man who robbed them.  *Id.*    The individual subsequently entered the neighbor's house.  Mrs. Johnson contacted the police, who arrived on the scene. *Id.* at 29.  Mr. Johnson gave the police officer a description of the individual and identified him as the same man who robbed he and Mrs. Johnson several days earlier.  *Id.*  at 31.  The police approached the neighbor's home and knocked on the door.  *Id.*  at 59.  The officers were allowed in by the individual who answered the door. *Id.* at 60. The police saw the individual described by Mr. Johnson inside of the home and was identified as the Petitioner.  *Id.*   at 71-72.  Because Petitioner had an outstanding felony warrant in another matter, he was arrested. *Id.* at 72.

Petitioner testified on his own behalf at trial and claims that: (1)  he did not rob Davena and Bruce Johnson; (2) he was with his girlfriend and his children at the time of the robbery; (3) he had

2

no access to a vehicle in which to escape the robbery; and (4) he has been mistakenly identified as the robber in this case. *Id.* at 69-74.

After filing a "motion for new trial and *Ginther*[1] hearing," with the trial court, which was denied, and following a "motion for peremptory reversal," which was filed with the Michigan Court of Appeals, and was also denied, Petitioner filed an appeal of right and raised the following claims:

> I. The trial court erred when it denied defendant's motion for a new trial and *Ginther* hearing where defendant was denied his state and federal constitutional rights by the supposed in-the-field identification performed in this case and was denied the effective assistance of counsel by his attorney's failure to raise this issue prior to trial.
>
> II. The trial court erred when it denied defendant's motion for new trial and *Ginther* hearing where defendant was denied his state and federal constitutional rights when defense counsel failed to move for and present a[n] expert on eyewitness identification and voice identification.
>
> III. The trial court erred when it denied defendant's motion for new trial and *Ginther* hearing where defendant's state and federal constitutional rights were violated by defense counsel's failure to present a defense.
>
> IV. The trial court erred when it denied defendant's motion for new trial and *Ginther* hearing where defendant's state and federal constitutional rights were violated when defense counsel failed to object to the prosecutor's cross-examination as to prior convictions of defendant that were not admissible under MRE 609.

The Michigan Court of Appeals affirmed Petitioner's convictions and sentences. *People v. Young,* No: 251262, 2005 WL 356327 (Mich. Ct. App. Feb. 15, 2005).

Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the identical claims as those presented before the Michigan Court of Appeals. Petitioner's application for leave to appeal was denied. *People v. Young,* 474 Mich. 856; 702 NW2d 586 (2005)(table).

---

[1] *People v. Ginther,* 390 Mich. 436 (1973).

3

Petitioner has now filed a petition for writ of habeas corpus challenging his conviction based upon the identical four issues raised in the state appellate courts. Respondent has filed an answer to the petition; and Petitioner filed a reply brief in response.

## II. STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this court's habeas corpus review of state court decisions. Petitioner is entitled to the writ of habeas corpus if he can show that the state court's adjudication of his claim on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

"[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id.* at 410 (emphasis in original). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal

4

law is objectively unreasonable." *Id.* at 409. "Furthermore, state findings of fact are presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence." *Baze v. Parker,* 371 F.2d 310, 318 (6th Cir. 2004) (citing 28 U.S.C. §2254(e)(1)).

### III. DISCUSSION

#### A.

#### Motion for New Trial & *Ginther* Hearing

Petitioner asserts that the trial court erred when it denied his combined motion for a new trial and a *Ginther* hearing. Petitioner's motion was based upon the following state law claims: (1) suggestive pre-trial identification procedure and trial counsel's failure to suppress the evidence; (2) trial counsel's failure to use eyewitness identification and voice identification expert witnesses; (3) trial counsel's failure to present a defense; and (4) trial counsel's failure to object to the admission of prior conviction evidence. The criteria for a trial court in granting or denying a new trial are matters of state law. Because a federal habeas court may not correct a state court's misapplication of its own law, a state trial court's denial of a motion for a new trial based upon newly discovered evidence is not a ground for habeas relief. See *Kirby v. Dutton,* 794 F.2d 245, 246-47 (6th Cir. 1986); *Monroe v. Smith,* 197 F.Supp.2d 753, 763 (E.D. Mich. 2001)(a claim that a habeas petitioner is entitled to relief based upon the failure of state trial judge to grant him a new trial on the basis of newly discovered evidence is not cognizable in a habeas proceeding). "[F]ederal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution - not to correct errors of fact." *Herrera v. Collins,* 506 U.S. 390, 400 (1993). Thus, Petitioner does not state a claim upon which habeas relief can be granted. See *Johnson v. Hofbauer,* 159 F.Supp.2d 582, 606 (E.D. Mich.

2001). However, the Court will review the underlying basis of Petitioner's request for a new trial and *Ginther* hearing in order to determine if the trial court's denial resulted in constitutional violations leading to a miscarriage of justice.

## B.

### Suggestive Pre-trial Identification Procedure

Petitioner claims that there was no independent basis for his identification by Davena and Bruce Johnson as the perpetrator of the armed robbery. Therefore, Petitioner asserts that the Johnsons' identification of Petitioner was tainted by an impermissibly suggestive pre-trial identification procedure, i.e., an improper "in-the-field identification." (Pet., Attach. C). The Michigan Court of Appeals rejected Petitioner's argument stating as follows:

> Although identification procedures that are unnecessarily suggestive and conducive to irreparable misidentification deny a defendant due process, the record contains no indication that any impermissible or unduly suggestive identification procedures occurred here. Contrary to defendant's claim, there was no on-the-scene identification. Rather, the record indicates that the victims independently identified defendant as the robber and informed the police of defendant's whereabouts before the police took any action to question or detain defendant.

*People v. Young,* No: 251262, 2005 WL 356327, *1, (Mich. Ct. App. Feb. 15, 2005)

A pre-trial identification procedure violates the Constitution if "the confrontation conducted . . . was so unnecessarily suggestive and conducive to irreparable mistaken identification that [the defendant] was denied due process of law." *Stovall v. Denno,* 388 U.S. 293, 301-02 (1967). Similarly, a subsequent in-court identification following an impermissibly suggestive pre-trial identification is unconstitutional if the pre-trial "identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States,* 390 U.S. 377, 384 (1968). A suggestive line-up or photo array alone, however,

does not require exclusion of identification evidence. "The admission of testimony concerning a suggestive and unnecessary identification procedure does not violate due process so long as the identification possesses sufficient aspects of reliability." *Manson v. Brathwaite,* 432 U.S. 98, 106 (1977). The key, however, is whether there was "a very substantial likelihood of irreparable misidentification." *Id.* at 116; *Simmons v. United States,* 390 U.S. 377, 384 (1968). Thus, the central question of when the pre-trial identification procedure is impermissibly suggestive, is "whether under the 'totality of the circumstances' the identification was reliable even though the [ ] procedure was suggestive." *Neil v. Biggers,* 409 U.S. 188, 199 (1972).

Five factors relevant to this "totality of the circumstances " analysis include "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." *Id.* at 199-200. The court engages in a balancing test, weighing the factors listed in *Neil v. Biggers, supra,* against the "corrupting effect of the suggestive identification itself." *Manson v. Brathwaite,* 432 U.S. at 114. Thus, a court must "follow[ ] a two-step analysis in determining whether an identification is admissible." *United States v. Crozier,* 259 F.3d 503, 510 (6th Cir. 2001).

First the court must "consider whether the identification procedure was suggestive." *Id.* If it was not, the "identification testimony is generally admissible without further inquiry," and any question as to the reliability of the identification "goes to the weight of the evidence, not its admissibility." *United States v. Maldonado-Rivera,* 922 F.2d 934, 973 (2d cir. 1990). Accordingly, there would be no basis upon which counsel would have to move to suppress such a pre-trial identification. Secondly, if on the other hand, the procedure was suggestive, the court must "then

determine whether, under the totality of the circumstances, the identification was nonetheless reliable and therefore admissible." *United States v. Crozier*, 259 F.3d at 510. Reliability "is the linchpin in determining the admissibility of identification testimony." *Manson v. Brathwaite,* 432 U.S. at 114.

Applying the law to the facts as set forth above, the Court agrees with the Michigan Court of Appeals and finds that there was no identification procedure implemented in this case and that Petitioner's identification occurred without involvement by law enforcement officials. Therefore, there was no impermissibly suggestive procedure which tainted the Johnsons' identification of Petitioner as the individual who robbed them and Petitioner has failed to meet his burden of establishing the existence of an unduly suggestive identification procedure.

## C.

### Ineffective Assistance of Counsel

To show that Petitioner was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two-prong test. In *Strickland v. Washington,* 466 U.S. 668 (1984), the United States Supreme Court sets forth the two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland,* 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the

defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong under *Strickland,* a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Id.* at 694. Relative to a "reasonable probability," the question is whether the evidence which was not revealed, "taken as a whole, might well have influenced the jury's appraisal of [Petitioner's] culpability" and whether "the likelihood of a different result if the evidence had gone in is sufficient to undermine the confidence in the outcome actually reached . . . " *Rompilla v. Beard*, 545 U.S. 374, 376 (2005).

"On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy,* 99 F.3d 1302, 1311-12 (6th Cir. 1996). Although Petitioner was "not entitled to an attorney who will not leave the smallest stone unturned," the stones that he did have, "should at least [have been] nudged." *Coleman v. Brown,* 802 F.2d 1227, 1234 (10th Cir. 1986), quoted in *Bigelow v. Williams,* 367 F.3d 562, 573 (6th Cir. 2004).

**1.**

**Failure to Suppress Identification Evidence**

Petitioner's ineffective assistance of counsel issue is linked with a substantive

9

Fourth Amendment claim. Petitioner asserts that evidence of the Johnsons' identification of Petitioner as the perpetrator should have been suppressed because the identification was tainted by an unduly and impermissibly suggestive procedure.

The restriction on federal habeas review of a Fourth Amendment claim set forth in *Stone v. Powell,* 428 U.S. 465, 494-95 (1976), does not extend to a habeas petitioner's Sixth Amendment claim of ineffective assistance of counsel involving counsel's failure to file a motion to suppress evidence obtained in violation of the Fourth Amendment. *Kimmelman v. Morrison,* 477 U.S. 365, 382-83 (1986). However, to establish that counsel's failure to litigate a Fourth Amendment claim constitutes ineffectiveness, a defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence, in order to demonstrate actual prejudice. See *Hill v. Lockhart,* 474 U.S. 52, 60 (1985).

In order for Petitioner's ineffective assistance of counsel claim to be substantiated in this case, he must show that a suppression motion would have merit; and that if the motion had been granted the outcome of his trial court proceedings would have been different. *Hill ,* 474 U.S. at 60. Since the record shows that there was no unduly impermissibly suggestive procedure used which resulted in the Johnsons' identification being tainted, the substantive claim lacks merit. Even where a motion to suppress is supported by some evidence in the record, the Court presumes that defense counsel was effective if the attorney could reasonably have decided that the filing of a motion suppress would have been a futile act. Trial counsel is under no duty to file meritless motions; and therefore deficient performance cannot be proven. *Knapp v. White,* 296 F.Supp.2d 766,782 (E.D. Mich. 2003). Petitioner is therefore not entitled to habeas relief on this ground.

**2.**

**Trial Counsel's Failure to Call Expert Witness**

Petitioner maintains that his trial attorney failed to call as witnesses experts in voice identification and eyewitness identification in an effort to discredit Davena and Bruce Johnson's identification of Petitioner as the perpetrator in the armed robbery. The Michigan Court of Appeals rejected Petitioner's argument finding as follows:

> A trial counsel's decisions concerning what witnesses to call and what evidence to present are matters of trial strategy. "In order to overcome the presumption of sound trial strategy, the defendant must show that his counsel's failure to call [the] witnesses deprived him of a substantial defense that would have affected the outcome of the proceeding." Defendant has failed to overcome the presumption that defense counsel's inaction was trial strategy. The victims indicated that they were certain that defendant was the person who robbed them. Both victims had a good opportunity to view defendant in a well-lit area and were able to provide a description of defendant to the police. In light of these facts, defense counsel could have reasonably surmised that calling an identification expert would have been futile, or that an expert may have actually been harmful to the defense . . . Accordingly, defendant cannot demonstrate that there is a reasonable probability that, but for counsel's inaction, the result of the proceeding would have been different.

*Young,* 2005 WL 356327, *2 (internal citations omitted).

The Sixth Circuit held that under some circumstances, the failure to interview or call a potential defense witness may amount to a violation of a criminal defendant's Sixth Amendment rights. See e.g., *Towns v. Smith,* 395 F.3d 251, 260 (6th Cir. 2005). However, complaints of ineffective assistance of counsel based upon "uncalled witnesses" are not favored in federal habeas corpus review because mere unsupported allegations about what testimony potential witnesses might have given is far too speculative. See *Evans v. Cockrell,* 285 F.3d 370, 377 (5th Cir. 2002).

11

The Petitioner has not identified or described any witnesses whom he believes defense counsel should have called except to state that he should have had voice and eyewitness identification experts. To present a viable ineffective assistance of counsel claim based upon an alleged failure by counsel to call a witness to testify at trial, Petitioner must make an affirmative showing as to the identity and availability of the witness to testify, the details of what the uncalled witness would have testified to, and that the testimony of the uncalled witness would have produced a different more favorable result at trial. *Malcum v. Burt,* 276 F.Supp.2d 664, 679 (E.D. Mich. 2003). There must be some representation in the record or the petition of the contribution a missing witness could have made, to assess, at a minimum, the prejudice prong of *Strickland.*

Petitioner failed to demonstrate that his trial attorney's performance was deficient and that his trial was prejudiced by the absence of unnamed and unknown expert witnesses.

**3.**

**Trial Counsel's Failure to Call Alibi Witness**

Petitioner next asserts that his trial attorney failed to present an alibi defense. Petitioner testified at trial that he was with his friend Angel and his children at the time the Johnsons were being robbed. (Tr., 8/14/03, at 74). Therefore, Petitioner argues that his attorney was deficient in his legal representation. The Michigan Court of Appeals disagreed:

> But defendant has not provided a witness affidavit, or identified any evidence of record establishing that the proposed witness' testimony would have yielded valuable evidence that would have affected the outcome of trial. Rather, defendant simply avers in his brief and his own affidavit that the witness would have supported his alibi. Consequently, defendant has failed to demonstrate that there is a reasonable probability that, but for counsel's failure to produce the witness, the result of the proceedings would have been different.

*Young,* 2005 WL 356327, *2 (internal citations omitted).

The right of an accused to present a defense has long been recognized as " a fundamental element of due process." *Washington v. State,* 388 U.S. 14, 19 (1967). The United States Constitution guarantees to criminal defendants "a meaningful opportunity to present a complete defense." *Varner v. Stovall,* 500 F.3d 491, 499 (6th Cir. 2007). This right is not without limits, however, and may be reasonably restricted "to accommodate other legitimate interests in the criminal trial process." *United States v. Scheffer,* 523 U.S. 303, 308 (1998). However, the exclusion of evidence is unconstitutional where it "infringe[s] upon a weighty interest of the accused." *Id.* "[T]he exclusion of evidence in a criminal trial abridges an accused's right to present a defense only where the exclusion is arbitrary or disproportionate to the purpose it is designed to serve." *Ferensic v. Birkett,* 501 F.3d 469, 475 (6th Cir. 2007).

Petitioner had the opportunity to demonstrate his theory of the case, actual innocence, by testifying on his own behalf that he was with his girlfriend and his children at the time of the robbery; and Petitioner took advantage of that opportunity. (Tr., 8/14/03, at 74). Therefore, Petitioner presented to the trial judge, during his bench trial proceeding, the alibi defense he sought to demonstrate through the testimony of "Angel."

Based upon the overwhelming evidence and eyewitness testimony against Petitioner, the degree to which "Angel's" proposed testimony would have been favorable

to Petitioner's case appears minimal. For these reasons this claim presents no issue upon which habeas corpus relief may be granted.

**4.**

**Trial Counsel's Failure to Object**

13

Petitioner claims that his trial attorney failed to place an objection on the record during the prosecutor's cross-examination when he was questioned about a 1996 Virginia drug conviction. Petitioner asserts that the prosecutor engaged in misconduct, that the evidence was not relevant to this case, and that its admission into evidence was prejudicial. The Michigan Court of Appeals was not persuaded by this argument and held as follows:

> A defendant's opportunity for a fair trial can be jeopardized when the prosecutor interjects issues broader than the guilt or innocence of the accused. But even if the prosecutor's question was improper, we are not persuaded that it affected this bench trial verdict. "A judge, unlike a juror, possesses an understanding of the law which allows [her] to ignore such errors and to decide a case based solely on the evidence properly admitted at trial." A review of the record shows that the trial court found defendant guilty on the basis of properly admitted evidence. Because the trial court's decision was not affected by the challenged testimony, it follows that counsel's failure to object did not deprive defendant of the effective assistance of counsel.

*Young,* 2005 WL 356327, *1 (internal citations omitted). The Court agrees.

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams,* 376 F.3d 520, 528 (6th Cir. 2004). Prosecutorial misconduct will form the basis for habeas relief only if the conduct was so egregious as to render the entire trial fundamentally unfair based on the totality of the circumstances. *Donnelly v. DeChristoforo,* 416 U.S. 637, 643-45 (1974); *Caldwell v. Russell,* 181 F.3d 731, 736 (6th Cir. 1999) (stating that "[p]rosecutorial misconduct may warrant habeas relief only if the relevant misstatements were so egregious as to render the entire trial fundamentally unfair to a degree tantamount to a due process deprivation."), *abrogated on other grounds by Mackey v. Dutton,* 217 F.3d 399, 406 (6th Cir. 2000). The determination whether the trial was fundamentally unfair is "made by evaluating the totality of the circumstances surrounding each individual case." *Anger v. Overberg,* 682 F.2d 605, 608 (6th Cir. 1982). The Court must focus on "the fairness of the trial, not the culpability of the prosecutor."

*Pritchett v. Pitcher,* 117 F.3d 959, 964 (6th Cir. 1997), quoting *Serra v. Michigan Department of Corrections* 4 F.3d 1348, 1355

(6th Cir. 1993).

When assessing the prosecutor's conduct, the court must first ask whether the prosecutor's conduct or remarks were improper. *Slagle v. Bagley,* 457 F.3d 501, 515-16 (6th Cir. 2006). If they were, the court must decide whether the improper acts were so flagrant as to warrant relief. *Id.* at 516. The Sixth Circuit identified four factors to consider when analyzing conduct for flagrancy: "(1) whether the statements [or conduct] tended to mislead the jury or prejudice the defendant; (2) whether the statements [or conduct] were isolated or among a series of improper statements [or conduct]; (3) whether the statements [or conduct] were deliberately or accidentally before the jury; and (4) the total strength of the evidence against the accused." *Millender v. Adams,* 376 F.3d at 528, quoting *Boyle v. Million,* 201 F.3d 711, 717 (6th Cir. 2000).

Upon review of the circumstances giving rise to Petitioner's prosecutorial misconduct claim (Tr., 8/14/03, 76-77), the fact that this was a bench trial,[2] and the fact that Petitioner has failed to demonstrate that the prosecutor's conduct was intentional, flagrant and resulted in a fundamentally unfair trial, the Court finds that the appellate court was not unreasonable in its application of clearly established federal law as determined by the Supreme Court.

---

[2]A bench trial judge is presumed to have considered only relevant and admissible evidence in reaching his or her decision. *United States v. Joseph,* 781 F.2d 549, 552 (6th Cir. 1986); see also *Brown v. Pitcher,* 19 Fed. App'x. 154, 157 (6th Cir. 2001)

For reasons set forth above, the Court finds that the prosecutor did not engage in misconduct. Therefore, trial counsel's failure to place an objection on the record relative to Petitioner's prior conviction did not constitute ineffective assistance of counsel. Habeas relief is denied on this claim.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED.**

s/John Corbett O'Meara
United States District Judge

Date : March 20, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 20, 2009, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager
