UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINALD YOUNG, #335319,

    Petitioner,

                              Case No: 06-CV-10362
                              Honorable John Corbett O'Meara
                              Magistrate Judge Steven D. Pepe

v.

BLAIN LAFLER,

    Respondent.

_____/

**OPINION AND ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND GRANTING PETITIONER'S MOTION FOR LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

On March 20, 2009, the Court issued an opinion and order denying Petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. §2254. Pending before the Court are Petitioner's notice of appeal and motion to proceed *in forma pauperis* on appeal. For the reasons stated below, the Court will deny the issuance of a certificate of appealability and will grant the motion for leave to proceed on appeal *in forma pauperis*.

**I. BACKGROUND**

Petitioner's convictions arise from an armed robbery which took place outside the home of Bruce and Davena Johnson. After parking their vehicle in the driveway toward the back of their home, Petitioner is alleged to have come upon them with a gun and demand their money and jewelry**.** Petitioner claims that: (1) he did not rob Davena and Bruce Johnson; (2) he was with his girlfriend and his children at the time of the robbery; (3) he had no access to a vehicle in which to

escape the robbery; and (4) he has been mistakenly identified as the robber in this case.

The habeas petition challenged Petitioner's state court convictions of two counts of armed robbery, felon in possession of a firearm, and possession of a firearm during the commission of a felony. Petitioner raised four claims concerning the issues of suggestive pre-trial identification procedures and ineffective assistance of trial counsel.

## II. STANDARD

"If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." Fed. R. App. P. 22(b)(1); *See Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (holding that "a district judge must issue or deny a COA if an applicant files a notice of appeal" without awaiting the filing of an application for a certificate of appealability).

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a COA." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner 'has already failed in that endeavor.'" *Miller-El*, 537 U.S. at 337 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "[A] claim can be debatable

even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Miller-El*, 537 U.S. at 338.

In applying the standard, a district court may not conduct a full merit review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Miller-El , *537 U.S. at 336-37. When a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel,* 529 U.S. at 484.

When a district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim or the denial or a constitutional right, and that jurists of reason should find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484-85.

### III. DISCUSSION

#### A. Suggestive Pre-trial Identification

Petitioner claims that there was no independent basis for his identification by Davena and Bruce Johnson as the perpetrator of the armed robbery. Therefore, Petitioner asserts that the Johnsons' identification of Petitioner was tainted by an impermissibly suggestive pre-trial identification procedure. The record, however, indicates that Davena and Bruce Johnson independently identified Petitioner as the robber and informed the police of his whereabouts before the police took any action to question or detain Petitioner. Therefore, there was no impermissibly suggestive procedure which tainted the Johnsons' identification of Petitioner as the individual who robbed them. Since Petitioner failed to meet his burden of establishing the existence of an unduly

suggestive identification procedure, reasonable jurists would not find the Court's decision to deny habeas relief on this issue debatable or wrong.

## B. Ineffective Assistance of Counsel

Petitioner makes four ineffective assistance of counsel claims. First, Petitioner asserts that evidence of the Johnsons' identification of Petitioner as the perpetrator should have been suppressed because the identification was tainted by an unduly and impermissibly suggestive procedure. Second, Petitioner maintains that his trial attorney failed to call as witnesses experts in voice identification and eyewitness identification in an effort to discredit Davena and Bruce Johnson's identification of Petitioner as the perpetrator in the armed robbery. Third, Petitioner claims that his trial attorney failed to present an alibi defense. Finally, Petitioner asserts that his trial attorney failed to place an objection on the record during the prosecutor's cross-examination when he was questioned about Petitioner's 1996 Virginia drug conviction.

As explained in the Court's March 20, 2009 opinion and order, in order to successfully prove a claim of ineffective assistance of counsel, the petitioner must demonstrate "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687 (1984). A strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance" must be indulged. *Id.* at 689; see also *Beasley v. United States,* 491 F.2d 687, 696 (6th Cir. 1974). It is also important to note that "judicial scrutiny of counsel's performance must be highly deferential." *Strickland v. Washington,* 466 U.S. at 689.

Addressing Petitioner's first ineffective assistance of counsel claim, Petitioner's ineffective assistance of counsel issue is linked with a substantive Fourth Amendment claim. The restriction on federal habeas review of a Fourth Amendment claim set forth in *Stone v. Powell,* 428 U.S. 465,

494-95 (1976), does not extend to a habeas petitioner's Sixth Amendment claim of ineffective assistance of counsel involving counsel's failure to file a motion to suppress evidence obtained in violation of the Fourth Amendment. *Kimmelman v. Morrison,* 477 U.S. 365, 382-83 (1986). Since the record shows that there was no unduly impermissibly suggestive procedure used which resulted in the Johnsons' identification being tainted, the substantive claim lacks merit. Trial counsel is under no duty to file meritless motions; and therefore deficient performance cannot be proven. *Knapp v. White,* 296 F.Supp.2d 766,782 (E.D. Mich. 2003).

Second, Petitioner has not identified or described any witnesses whom he believes defense counsel should have called except to state that he should have had voice and eyewitness identification experts. To present a viable ineffective assistance of counsel claim based upon an alleged failure by counsel to call a witness to testify at trial, Petitioner must make an affirmative showing as to the identity and availability of the witness to testify, the details of what the uncalled witness would have testified to, and that the testimony of the uncalled witness would have produced a different more favorable result at trial. *Malcum v. Burt,* 276 F.Supp.2d 664, 679 (E.D. Mich. 2003). There must be some representation in the record or the petition of the contribution a missing witness could have made, to assess, at a minimum, the prejudice prong of *Strickland.* Petitioner failed to demonstrate that his trial attorney's performance was deficient and that his trial was prejudiced by the absence of unnamed and unknown expert witnesses.

Third, Petitioner had the opportunity to demonstrate his theory of the case, actual innocence, by testifying on his own behalf that he was with his girlfriend and his children at the time of the robbery; and Petitioner took advantage of that opportunity. Therefore, Petitioner presented to the trial judge, during his bench trial proceeding, the alibi defense he sought to demonstrate through

the testimony of his girlfriend.

Finally, since the Court found that the prosecutor's cross-examination regarding Petitioner's 1996 Virginia drug conviction did not constitute prosecutorial misconduct, trial counsel's failure to place an objection on the record relative to the admission of Petitioner's prior conviction did not constitute ineffective assistance of counsel.

It is not the role of this Court to assess the evidence, testimony and other full merit review arguments relative to Petitioner's claims. Rather the Court is only concerned with assessing whether Petitioner's constitutional claim of ineffective assistance of counsel is debatable or wrong. As such, and based upon the foregoing, reasonable jurists would agree that the Court's assessment of this ineffective assistance of counsel issue was not incorrect or debatable. Therefore, granting a certificate of appealability for this claim would be improper.

### C. *In Forma Pauperis*

Additionally, Petitioner has filed a "Motion for Leave to Proceed *In Forma Pauperis*." Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. §1915(a)(3). The standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant leave to proceed *in forma pauperis* if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). "Good faith" requires a showing that the issues

raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although the Court declines to issue a certificate of appealability, the Court cannot conclude that Petitioner's claims are frivolous. Accordingly, the Court will grant Petitioner's motion for leave to proceed on appeal *in forma pauperis*.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that a certificate of appealability [Dkt. #24] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's "Motion to Proceed on Appeal *In Forma Pauperis"* [Dkt. #26] is **GRANTED**.

                                             s/John Corbett O'Meara
                                             United States District Judge

Date: July 21, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 21, 2009, by electronic and/or ordinary mail.

                                             s/William Barkholz
                                             Case Manager